UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 07-0555 (PLF) |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | ECF |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(a), 8(e)(1), and 12(f), Defendant Michael O. Leavitt, the Secretary of Health and Human Services, by and through his undersigned counsel, respectfully moves this Court to: strike Plaintiffs' complaint for failure to contain "a short and plain statement of the claim."  Additionally, Defendant respectfully requests that the Court direct Plaintiffs to file an amended complaint within 30 days that contains such a "short and plain statement," and allow Defendant 45 days from his receipt of the amended complaint to file his response to it.  The grounds for Defendant's motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Strike Plaintiffs' Complaint.  Pursuant to LCvR 7(m), counsel for Defendant consulted with counsel for Plaintiffs regarding this motion, and Plaintiffs' counsel stated that they oppose the motion.

A proposed order is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

        MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

        PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 07-0555 (PLF) |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | **ECF** |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

Defendant Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services, by and through the undersigned counsel, respectfully moves to strike Plaintiffs' complaint pursuant to Rules 8(a), 8(e)(1), and 12(f) of the Federal Rules of Civil Procedure.

Plaintiffs, a group of health care providers that participate in the Medicare program, brought the above-captioned action, alleging that they were denied "Medicare reimbursement for any of the insurance premium costs incurred by [the group] to obtain liability insurance coverage through a captive insurer or for any portion of the liability claims paid by the captive insurer on behalf of the hospitals." Complaint ("Compl.") ¶ 1. Although the gravamen of the case can thus be succinctly stated, the complaint nevertheless contains 118 paragraphs, some with multiple subparagraphs, and spans 49 pages. Defendant intends to show in due course that Plaintiffs are not entitled to the relief that they seek or, indeed, to any relief. As a preliminary matter, however, the complaint that Plaintiffs have filed is too lengthy and discursive to provide a suitable basis for any proceedings that may follow. For the reasons set forth below, the complaint does not meet the standards set forth in the Federal Rules of Civil Procedure and

should therefore be stricken.

## ARGUMENT

I.  **Plaintiffs' Complaint Fails to Comply With Rules 8(a) and 8(e).**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e)(1) requires "[e]ach averment of a pleading" to be "simple, concise, and direct."  "'Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.'"  In re Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Chas. A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 1217 at 169 (2d ed. 1990)).  "'[T]he purpose of a pleading is to state the ultimate facts constituting the claim or defense relied upon in short and plain terms without pleading the evidence in support of such facts.'"  Windsor v. A Federal Executive Agency, 614 F. Supp. 1255, 1257 (M.D. Tenn. 1984), aff'd, 767 F.2d 923 (6th Cir. 1985) (quoting Commissioner of Internal Rev. v. Licavoli, 252 F.2d 268, 272 (6th Cir. 1958)).  Therefore, it is not required "that a plaintiff plead evidentiary matters."  Windsor, 614 F. Supp. at 1257.  Indeed, "'[i]t has long been basic to good pleading that evidentiary matters be deleted.'"  Id. (quoting Control Data Corp. v. International Bus. Mach. Corp., 421 F.2d 323, 326 (8th Cir. 1970)).

In this case, the Court should require Plaintiffs as a matter of "prudent case management" to "streamline and reorganize the complaint" before "requiring defendant[] to file an answer."  In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1544 (9th Cir. 1994) (en banc).  Because the complaint contains "a mass of details which might be relevant and appropriate at trial, but which are clearly surplusage in stating a claim," the Court should strike the complaint, granting,

in the process, leave to file an amended complaint that contains the type of "short and plain statement" that Rule 8(a)(2) contemplates. Hartz v. Friedman, 919 F.2d 469, 471 (7th Cir. 1990); see also Fed. R. Civ. P. 1 (requiring the Federal Rules to be "construed and administered to secure the just, speedy, and inexpensive determination of every action"). Indeed, in this case, the need to plead evidentiary matters is especially lacking because this is an Administrative Procedure Act ("APA") record review case in which Plaintiffs are challenging a final decision of the Secretary. Compl. ¶¶ 1, 8. The relevant facts have already been developed before the administrative tribunal that issued the final decision challenged here. Compl. ¶¶ 1, 35, 101. Accordingly, under the Medicare statute, 42 U.S.C. § 1395oo(f)(1), and the APA, 5 U.S.C. § 706(2), all material facts will be contained in the certified administrative record.

Under the Federal Rules of Civil Procedure, Plaintiffs are required to include a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment. See Fed. R. Civ. P. 8(a). The instant lengthy complaint runs afoul of these requirements. In fact, at 49 pages Plaintiffs' complaint runs longer than this Court's 45-page limit for a memorandum of points and authorities in support of a motion. See LCvR 7(e). Indeed, Plaintiffs spend nearly seven pages discussing the testimony of one witness who appeared before the administrative tribunal. See Compl. ¶¶ 84-100. This represents "an excess of unnecessary evidentiary detail" that is "plainly not necessary for the case's survival." See Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 665, 671 (D. C. Cir. 2004). The entire testimony of this witness, and all other witnesses who appeared in the administrative proceedings, will be contained in the certified administrative record that the agency is preparing.

Although the appropriate length of a pleading is dependant on the type of case before the court, the Court of Appeals has found no clear error in striking of a complaint that contained just 14 printed pages and 17 pages of exhibits in a family law case.  See, e.g., Renshaw v. Renshaw, 153 F.2d 310, 311 (D.C. Cir. 1946).  Thus, here, where the matter before the court involves a simple request under the APA for judicial review of an 11-page agency decision (3 pages of which were devoted to the dissenting opinion), the length and substance of the complaint falls far outside the requirement that it contain a "short and plain statement" of Plaintiffs' claim.  This case does not require 49 pages and well over 100 paragraphs to plead a request for review of the administrative decision at issue.

Furthermore, besides the overall length of Plaintiffs' complaint, the complaint fails to abide by the requirement that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).  For example, one paragraph of the complaint, including subparagraphs, continues on over the course of three pages, alleging various wide-ranging deficiencies in Defendant's policy manual.  See Compl. ¶ 116.  Such "'[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'"  Ciralsky, 355 F.3d at 669 (citations omitted).

The complaint contains a great deal of argumentative material, rather than alleging facts.  For example, Plaintiffs go on at length about allegedly "undisputed evidence," see, e.g., Compl. ¶¶ 5, 6, make sweeping representations about the testimony of the aforementioned witness, id. ¶¶ 84-100, and characterize the dissenting opinion of two members of the administrative tribunal as "strong" and "succinct," id. ¶ 103.  Thus, the complaint is filled with "discursive and

argumentative" accounts of the alleged wrongs suffered by Plaintiffs, and this Court should strike the complaint for failure to comply with the mandate of the Federal Rules of Civil Procedure. Ciralsky, 355 F.3d at 670, 671.

## II.     The Court Should Strike Plaintiffs' Complaint.

When complaints of extraordinary length are filed, courts have not hesitated to strike them under Rule 8, or to hold them subject to striking thereunder.  See, e.g., Ciralsky, 355 F.3d at 670, 671; In re Westinghouse 90 F.3d at 703; In re. GlenFed, Inc., 42 F.3d at 1544; Hartz , 919 F.2d at 471; Soghomonian v. United States, 82 F. Supp. 2d 1134, 1136, 1150 (E.D. Cal. 1999); Washington v. Baenziger, 656 F. Supp. 1176, 1177, 1178 (N.D. Cal. 1987).  A complaint that fails to meet the basic requirements of the Rules should be stricken and, if a subsequently amended complaint continues not to comply, the case should be dismissed.  Id.  In Ciralsky, the Court of Appeals upheld the District Court's striking of a complaint that was "'neither short nor plain,' but rather a 'repetitive discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'"  Ciralsky, 355 F.3d at 670, 671.  The District Court specifically found that the complaint was "'filled with a mass of details, most of which are not required to provide the defendants with adequate notice of the plaintiff's claims.'"  Id. at 665.  After the plaintiff filed an amended complaint, the Court found that it "'still fatally suffer[ed] from an excess of unnecessary detail.'"  Id.   The Court then dismissed the amended complaint and the entire action.  Id.

Consequently, the Court of Appeals stated that the District Court's dismissal did not constitute an abuse of discretion and that shortening the complaint "would not have reduced Ciralsky's chances of success on the merits, as the evidentiary detail in the initial complaint was

plainly not necessary for the case's survival." Id. at 671. Similar to Ciralsky, this Court should strike Plaintiffs' Complaint because it fails to meet the basic requirements of the Rules. Although the Court may direct Plaintiffs to file an amended complaint that contains a "short and plain statement," should a subsequently amended complaint continue not to comply with the Rules, the case should be dismissed. Id.

## CONCLUSION

For all of the foregoing reasons, Defendant requests that its motion to strike be granted.[1]

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

---

[1] If the instant motion is denied, Defendant requests that the time to file his response to the complaint be extended until 30 days after the date of the order denying the motion.

_____
PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
410-786-1895

<u>OF COUNSEL</u>:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary of ) <br> Health and Human Services, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 07-0555 (PLF) <br><br> **ECF** |

## ORDER

Upon consideration of Defendant's Motion to Strike Complaint, Memorandum of Points and Authorities in Support Thereof, and the entire record herein, it is this ____ day of _____, 2007,

ORDERED that Defendant's motion be, and hereby is, GRANTED; and it is further

ORDERED that the complaint is hereby stricken for failure to contain "a short and plain statement of the claim;" and it is further

ORDERED that Plaintiffs are to file an amended complaint within 30 days that contains such a "short and plain statement;" and it is further

ORDERED that Defendant is hereby given 45 days from his receipt of the amended complaint to file his response to it.

_____
PAUL L. FRIEDMAN
United States District Judge