UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHOLIC HEALTH INITIATIVES, et al., )
                                                                                 )
                      Plaintiffs, )
                                                                                )
vs. ) Case No.: 07-0555 (PLF)
                                                                                 )
MICHAEL O. LEAVITT, Secretary )
United States Department of Health and Human Services )
                                                                                 )
                      Defendant. )
_____ )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

    Plaintiffs request that the Court deny Defendant's motion to strike the Complaint and direct Defendant to respond to the Complaint on or before July 5, 2007 for the reasons discussed more fully below.

**FACTS**

    1.    Fifty-three plaintiff hospitals filed this action for judicial review of a split 3-2 administrative decision denying Medicare reimbursement for all of the program's share of the costs the hospitals incurred over five fiscal years (1997-2002) to obtain malpractice and other liability coverage through a captive insurer owned by the hospitals' parent, Catholic Health Initiatives   Docket Item 1.   The Complaint consists of 49 double-spaced pages, including seven pages of caption.  The Complaint was served on the United States Attorney on March 21, 2007.  Docket Item 5.  Defendant's response to the Complaint was due on May 21, 2007.  *See* Fed. Rules Civ. Proc. 6(a) & 12(a)(3)(A).

2.   On May 10, 2007, agency counsel for Defendant requested Plaintiffs' consent to a motion for a 60-day extension of time (for a total 120 days) to respond to the Complaint, citing the need to compile and review a lengthy administrative record for the consolidated group appeals for the five fiscal years at issue. Plaintiffs' counsel orally consented to a motion by Defendant for a 45-day extension.

3.   On May 21, 2007, the day his answer was due, Defendant first contacted Plaintiffs' counsel about Defendant's motion to strike the Complaint. Defendant filed the motion later that day, noting correctly that Plaintiffs oppose it. Docket Item 7. Defendant's motion asks the Court to direct the Plaintiffs to file an amended complaint and allow Defendant another 45 days after that to respond to the amended complaint. Defendant's memorandum in support of the motion alternatively requests, if the motion is denied, that the Court extend Defendant's time to file a response to the Complaint "until 30 days after the date of the order denying the motion." Def. Mem. at 6 n.1.

## ARGUMENT

Defendant's argument that the Complaint is "too lengthy and discursive to provide a suitable basis for any proceedings that may follow," Def. Mem. at 1, is the same argument that the Government previously made, and this Court rejected, with respect to another complaint of similar length (38 pages) in *Hastings v. Department of Justice*, 223 F.Supp.2d 196, 198 (2002). The Court should deny the Government's motion in this case for the same reasons the Court rejected the Government's motion in *Hastings*.

Enforcement of the pleading requirements of the Federal Rules "is largely a matter for the trial court's discretion." *Ciralsky v. Central Intelligence Agency*, 355 F.3d

2

661, 669-70 (D.C. Cir. 2004) (affirming an order granting a motion to strike a complaint that was 119 pages long with 367 numbered paragraphs, while noting that when the Government as plaintiff "is no foe of lengthy complaints" running is some cases to 70 pages or more with hundreds of pages of exhibits).  In rejecting the Government's familiar argument about the "lengthy and discursive" complaint in *Hastings*, Judge Urbina first distinguished the far more lengthy complaints in several of the cases Defendant invokes again in support of his motion in this case.  *Id*. at 198-99; *see also* Def. Mem. at 2-3.  He then denied the motion to strike, concluding that the complaint provided fair notice of the Plaintiff's claims, in accordance with the requirements of Federal Rule 8.  223 F.Supp.2d at 1197-98.  Although the *Hastings* complaint included more facts than were necessary to provide notice, it specified the federal law at issue, the relief sought and a narrative of facts that were presented in intelligible, chronological order.  223 F.Supp.2d at 199.  For the same reasons, the Court should deny Defendant's motion in this case.

Moreover, the asserted basis for Defendant's motion rings particularly hollow here, coming as it does not at the beginning, or even in the middle, but on the last day, of the 60-day period allowed for his response to the Complaint.  Ultimately, what Defendant really seems to want is more time in which to review the administrative record and formulate his response.  Plaintiffs are not unsympathetic to that, and, as noted above, Plaintiffs' counsel previously agreed not to oppose a 45-day extension of time for Defendant's response to the Complaint.

There is no argument, however, that the Complaint fails to put Defendant on notice of claims made and the grounds for those claims, as required by Federal Rule 8.

3

*See also Bell Atlantic Corp. v. Twombly*, ___ S.Ct. ___; 2007 WL 1461066 *8 n.3 (May 21, 2007) (noting that the Federal Rules require factual allegations that are sufficient to provide fair notice of the grounds on which each claim rests).  Indeed, Defendant's capable counsel in the Department of Justice together with the several agency counsel who appear on the motion and its supporting memorandum admit that "the gravamen of the case can thus be succinctly stated" and promise "to show in due course that Plaintiffs are not entitled to the relief that they seek or, indeed, to any relief." Def. Mem. at 1.  This alone is reason enough to deny Defendant's motion.  *See Hastings*, 223 F.Supp.2d at 199 ("Given the defendants' apparent comprehension of the complaint, the court determines that the complaint does not prevent the defendants from raising appropriate defenses.")  If the matter is, as Defendant contends, only "a simple request under the [Administrative Procedure Act] for judicial review of an 11-page agency decision," *see* Def. Mem. at 4, and the administrative record is so easily navigated as to vitiate any need for Plaintiffs to plead the factual bases for the claimed errors in the decision below,  *id*. at 3, then Defendant ought to be called upon to respond promptly to the Complaint he so clearly comprehends.[1]

In any event, the Federal Rules do not establish a uniform length or complexity for complaints.  *See Ciralsky,* 355 F.3d at 670 (noting that "Rule 8 does not require a 'short and plain *complaint,*' but rather a 'short and plain statement of the *claim.*'"); *see also* 5 Wright & Miller, <u>Federal Practice & Procedure</u> § 1217 at 245-46 (3d ed. 2004). So long as a complaint provides reasonable notice of the claims asserted, the Federal

---

[1]  The amount in controversy in this case exceeds $6 million for the 1997-2002 years in question.  Complaint ¶¶ 79-82.  The continuing denial of reimbursement for these costs incurred many years ago has a significant adverse impact on the hospitals' charitable mission.

Rules are intended to afford considerable latitude in the pleading. 5 Wright & Miller § 1216 at 234. In that regard, the contours of the Rule's requirement of a "short and plain" statement of the claim varies depending on the parties involved, the nature of the action and the relief sought. *See In re Global Crossings, Ltd. Securities Litig.*, 313 F.Supp.2d 189, 211-12 (S.DN.Y. 2003) (denying a motion to strike a complaint in a complex matter set forth in 840 paragraphs spanning 326 pages); *Honorable v. The Easy Life Real Estate Sys., Inc.,* 182 F.R.D. 553, 562 (N.D. Ill. 1998) (denying a motion to strike a straightforward, lengthy complaint that included 30 paragraphs setting forth the parties, jurisdiction, venue and class, another 60 paragraphs stating the facts relative to each individual plaintiff, and another 70 paragraphs asserting 7 counts); *Burke v. Dowling,* 944 F. Supp. 1036, 1049 (E.D.N.Y. 1995) (denying a motion to dismiss a complaint stating 7 causes of action by 33 plaintiffs in 231 numbered paragraphs spanning 115 pages because the allegations put defendants on notice of the claims and allowed sufficient opportunity to respond); *see also* 5 Wright & Miller, § 1217 at 245-46.

In view of the large number of plaintiff hospitals involved in this action, the Government's long-held views as to the complexity of the Medicare payment scheme at issue,[2] and the multiple grounds asserted for reversal of the decision below, the Complaint at issue is not unduly "lengthy" or "discursive." Nearly a third (14 pages) of the Complaint necessarily identifies each of the fifty-five plaintiff hospitals in the seven-page caption and on six pages of the text. Another six pages set forth the relevant federal

---

[2] The Government consistently maintains that courts should defer to Defendant's interpretation of ambiguous terms of the Medicare statute and regulations because the Medicare reimbursement system is complex. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (describing the Medicare reimbursement system as "complex and highly technical regulatory program")

laws governing the issue in dispute and forming the basis, in part, for the claims that the decision below is contrary to law and in excess of Defendant's statutory authority.

Moreover, the factual allegations are organized in an intelligible, chronological order with detailed, pin-point citations to the record evidence on which Plaintiffs rely. While Defendant complains about what he calls "evidentiary matters," there is no *per se* prohibition on allegations of the facts established by the record evidence, which form the basis for the errors assigned to the decision below in this action for judicial review. In some cases, like this one, such "evidentiary allegations" are helpful in clarifying the dispute and should not be stricken from a complaint. *See, e.g.,* 5 Wright & Miller § 1218 at 270-71; *Mitchell v. Hart*, 41 F.R.D. 138, 143 (S.D.N.Y 1966) (a motion to strike an evidentiary allegation ordinarily will not be granted when the evidentiary facts provide a better understanding of the claim); *Canadian Ingersoll-Rand Co. v. D. Loveman & Sons, Inc.*, 227 F.Supp. 829, 831 (N.D. Ohio 1964) (motions to strike are generally disfavored and a motion to strike an "evidentiary" allegation is not well taken when it assists in clarifying the dispute).

In this case, Plaintiffs have made factual allegations concerning the undisputed testimony of the Government's own witness and other record evidence concerning the basis and purpose of the Medicare program guidance on which the decision below rests (Complaint at 33-40). These facts are helpful in clarifying the basis for Plaintiffs' claims (Complaint at 45-57) that the decision below in not based upon substantial evidence and is otherwise arbitrary and capricious because Defendant failed to consider important aspects matter at issue and has no rational explanation for treating similarly situated hospitals differently. Those factual allegations, therefore, are entirely appropriate

6

regardless of the "evidentiary" label that Defendant applies to them.  Indeed, the Supreme Court has just recently reaffirmed the fundamental requirement that a plaintiff must include sufficient factual allegations to provide fair notice not only of the claims raised in a complaint but also the grounds on which each claim rests.  *See Bell Atlantic Corp. v. Twombly*, ___ S.Ct. ___; 2007 WL 1461066 at *8 n.3 (May 21, 2007).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Strike the Complaint and direct Defendant to respond to the Complaint on or before July 5, 2007.  A proposed order is attached.

> Respectfully submitted,
>
> _____/s/_____
> Christopher L. Keough
> DC Bar No. 436567
> VINSON & ELKINS L.L.P
> 1455 Pennsylvania Avenue, N.W.
> Suite 600
> Washington, DC 20004-1008
> (202) 639-6500 (phone)
> (202) 639-6604 (fax)
>
> Counsel for Plaintiffs

678269

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 07-0555 (PLF) |
| | ) |
| MICHAEL O. LEAVITT, Secretary | ) |
| United States Department of Health and Human Services | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Upon consideration of Defendant's Motion to Strike Plaintiffs' Complaint and Plaintiffs' opposition thereto, it is hereby

ORDERED that Defendant's Motion to Strike Plaintiffs' Complaint is DENIED; and it is

FURTHER ORDERED that Defendant shall respond to the Complaint by July 5, 2007.

_____
PAUL L. FRIEDMAN
United States District Judge

678635