UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil No. 07-0555 (PLF) |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | ECF |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

Defendant Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services, by and through his undersigned counsel, respectfully files his reply to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Strike Plaintiffs' Complaint (Pls.' Opp.).

**ARGUMENT**

In their opposition brief, Plaintiffs defend the propriety of their complaint on two main grounds. First, Plaintiffs apparently contend that a complaint must only be comprehensible, and that because the instant complaint is comprehensible, it should not be stricken. Pls.' Opp. at 3-5. Second, Plaintiffs contend that their seven-page discussion of the evidentiary testimony of a witness is "helpful" to understanding the complaint. Pls.' Opp. at 6-7. Plaintiffs are wrong on both points.

Plaintiffs' conclusion that a comprehensible complaint necessarily meets the criteria under the Federal Rules of Civil Procedure misses the mark and ignores both the Rules and the caselaw requiring that a complaint include a "short and plain statement." Fed. R. Civ. P. 8(a). None of the cases cited by Plaintiffs embraces a standard that a complaint need only be

comprehensible in order to be acceptable. Indeed, the main case cited by Plaintiffs for this proposition, Hastings v. Department of Justice, 223 F. Supp. 2d 196 (D.D.C. 2002), concluded not only that the complaint was comprehensible, but that it also was "neither rambling nor overly lengthy." Id. at 198. Likewise, in Ciralsky v. Central Intelligence Agency, 355 F.3d 661 (D.C. Cir. 2004), a case that post-dates Hastings, the Court of Appeals held that the district court did not abuse its discretion in finding that the complaint was "'neither short nor plain,' but rather a 'repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'" Ciralsky, 355 F.3d at 669. In that case, the court noted that the government did not contend "that the complaint was unclear or that it failed to give the defendants fair notice of the claims against them." Id. at 670. Thus, even though the complaint in Ciralsky, like the instant complaint, was comprehensible, it was nonetheless deficient. Comprehensibility alone is simply not the standard.

    It is well established that a plaintiff must present a simple, straightforward complaint. A complaint "should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond." Politico v. Promus Hotels, Inc., 184 F.R.D. 232, 233 (E.D.N.Y. 1999). "'[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" Id. (quoting 5 C.A. Wright & A.R. Miller, Fed. Practice & Procedure § 1281 (1990)). Yet Plaintiffs have altogether failed to explain why they could not present their complaint in a simpler, more straightforward manner.

    In support of their contention that the complaint should not be stricken, Plaintiffs cite three cases in which courts have refused to dismiss complaints that are longer than the one here.

Pls.' Opp. at 5, citing <u>In re Global Crossings, Ltd., Securities Litig.</u>, 313 F. Supp. 2d 189, 212, (S.D.N.Y. 2003) (case involved "a large number of claims against a large number of defendants, based on a number of different legal theories and securities offerings"); <u>Honorable v. The Easy Life Real Estate Sys., Inc.</u>, 182 F.R.D. 553, 557-58 (N.D. Ill. 1998) (purported class action complaint against multiple defendants including six counts on RICO, housing discrimination and fraud grounds); <u>Burke v. Dowling</u>, 944 F. Supp. 1036, 1048-49 (E.D.N.Y. 1995) (complaint included seven causes of action on RICO and state law grounds by thirty-three plaintiffs against ten defendants).  However, in none of the cases cited were plaintiffs seeking review of an agency's final decision where the necessary facts had already been developed in administrative proceedings and the factual groundwork had already been laid for judicial review by an administrative tribunal.  Rather, all of those suits involved complex matters involving multiple defendants, numerous counts, or both.  In contrast, the instant lawsuit involves nothing more than a simple request under the Administrative Procedure Act ("APA") for judicial review of the Secretary's final administrative decision.  As pointed out in Defendant's motion to strike, the length of a pleading is dependant on the type of case before the court.  <u>See</u> Memorandum of Points and Authorities in Support of Defendant's Motion to Strike Plaintiff's Complaint at 4.  Plaintiffs have not justified the prolixity of their complaint given the APA nature of this case.

       With regard to the seven pages of evidentiary testimony recounted in the complaint, Plaintiffs fail to even attempt to argue that this material is necessary to the complaint.  Instead, Plaintiffs make the bald assertion that this is "helpful" to understand the facts of the dispute, but they fail to explain why this is allegedly so.  It is difficult to understand how such evidentiary testimony is helpful in explaining the factual basis of Plaintiffs' lawsuit, when Plaintiffs contend

that their claim is based on a Medicare program guideline set forth in the agency's Provider Reimbursement Manual. Complaint ¶ 3. This type of material does not belong in a complaint, but rather is more appropriately reserved for briefs submitted to the court. Moreover, not only is the material not "helpful," quite the opposite is true. It is precisely because Plaintiffs' characterization of the testimony does nothing to advance an understanding of the factual basis of the lawsuit that Defendant has moved to strike the complaint. Although Plaintiffs appear to suggest that Defendant's description of these seven pages as containing "evidentiary" testimony is a mischaracterization, Pls.' Opp. at 6, they do not offer any other description of what these paragraphs contain, instead adopting Defendant's description. There appears to be no serious dispute as to the nature of these paragraphs, and thus, they are clearly unhelpful, unnecessary, and "an unjustified burden on the court and the party who must respond to it." 5 C.A. Wright & A.R. Miller, Fed. Practice & Procedure § 1281 (1990).

    Finally, Plaintiffs assert that the Secretary's motion is merely an attempt to allow additional time for him to review the record and prepare his response. Pls.' Opp. at 3. Plaintiffs' speculation is unfounded. The Secretary need not resort to such a motion to obtain additional time as Plaintiffs themselves admit that they had already consented to a 45-day enlargement for the Secretary to respond to the complaint. The fact that the Secretary did not seek an enlargement, but rather proceeded with his motion to strike, demonstrates that the Secretary is not seeking to delay these proceedings by filing the motion.

    The complaint should be stricken and Plaintiffs should be required to draft a complaint that is in keeping with the requirements of Federal Rules of Civil Procedure 8(a) and (e)(1) – one that avoids the extraneous, unnecessary and argumentative material found in the current complaint.

**CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Secretary's opening memorandum, the motion to strike should be granted.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. Bar No. 498610

                                        MEGAN L. ROSE
                                        Assistant United States Attorney
                                        N.C. Bar No. 28639
                                        United States Attorney's Office
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7220

                                        PAUL E. SOEFFING
                                        Attorney
                                        D.C. Bar No. 459480
                                        U.S. Department of Health and Human Services
                                        Office of the General Counsel
                                        Centers for Medicare & Medicaid Services Division
                                        Room C2-05-23
                                        7500 Security Boulevard
                                        Baltimore, Maryland 21244-1850
                                        410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services