UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHOLIC HEALTH INITIATIVES, et al., )
                                                                 )
        Plaintiffs, )
                                                                 )
        v. )        Civil No. 07-0555 (PLF)
                                                                 )
MICHAEL O. LEAVITT, Secretary of )        ECF
    Health and Human Services, )
                                                                 )
        Defendant. )
                                                                  )

## ANSWER

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiffs' Complaint for Declaratory and Injunctive Relief and for Sums Due Under the Medicare Act ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

    1.  The first sentence contains Plaintiffs' characterization of their action to which no response is required. Admits the second sentence.

    2.  Admits.

    3.  This paragraph contains Plaintiffs' characterization of the Provider Reimbursement Review Board ("PRRB") decision, which speaks for itself. Defendant denies any such

characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents. Administrative Record ("A.R.") 6-16.

4. The first sentence contains Plaintiffs' characterizations of the Provider Reimbursement Manual ("PRM"), which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited manual provision for a complete and accurate statement of its contents. Denies the second sentence, except to admit that the requirements of the manual provision are not also set forth in statute or regulation, and denies that notice and comment rulemaking is required for manual provisions. The third sentence contains Plaintiffs' characterization of the PRRB decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents. A.R. 6-16.

5. The first sentence contains Plaintiffs' conclusion of law to which no response is required. The second, third, fourth and fifth sentences contain Plaintiffs' speculation and conjecture to which no response is required. Denies the sixth sentence.

6. The first sentence contains Plaintiffs' characterization of the evidence, Plaintiffs' conclusion of law, and speculation and conjecture to which no response is required. Denies the second and third sentences.

7. The first sentence contains Plaintiffs' characterization of their action to which no response is required. Denies the second sentence.

8-10. These paragraphs contain Plaintiffs' conclusions of law to which no response is required.

11. Admits the first sentence. Defendant lacks information or knowledge sufficient to

form a belief as to the truth or falsity of the second and third sentences.

12. Admits.

13. Admits the first and second sentences. The third and fourth sentences contain Plaintiffs' characterization of their action to which no response is required.

14. Admits the first and second sentences. The third sentence contains Plaintiffs' characterization of their action to which no response is required.

15-20. These paragraphs contain Plaintiffs' characterizations of the Medicare statute, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of its contents.

21. Admits the first sentence. The second sentence contains Plaintiffs' characterizations of certain regulations and a Federal Register publication, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the cited regulations and Federal Register publication for a complete and accurate statement of their contents. Admits the third sentence.

22. This paragraph contains a partial quotation from the Social Security Act and Plaintiffs' characterizations of the Act, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited provision of the Act for a complete and accurate statement of its contents.

23. This paragraph contains Plaintiffs' characterization of language quoted from a Senate Report, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited Report for a complete and accurate statement of its contents.

24. Denies the first sentence to the extent Plaintiffs imply that the totality of the

regulations implementing the statutory provision for payment of reasonable cost are codified in 42 C.F.R. § 413.9. By way of further answer, Defendant avers that the regulations exist in various sections of 42 C.F.R. Part 413, including subpart 413.9. The second sentence contains Plaintiffs' characterization of the regulation, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents.

25-26. These paragraphs contain Plaintiffs' characterizations of a regulation, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents.

27. The first sentence contains Plaintiffs' characterization of the PRM, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited manual provisions for a complete and accurate statement of their contents. The second sentence contains Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

28. This paragraph contains Plaintiffs' characterizations of the PRM, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited manual provision for a complete and accurate statement of its contents.

29. This paragraph contains Plaintiffs' characterizations of the PRM, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited manual provision for a complete and accurate statement of its contents. Defendant further avers

that Plaintiffs may have meant to cite to PRM § 2162.2.A.4.

30-31. Admits.

32. Admits the first sentence. Admits the second sentence, except to deny that all cost reports are audited.

33. This paragraph contains Plaintiffs' characterizations of a regulation and PRM provisions, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents. Defendant further avers that the cited PRM sections do not exist and that Plaintiffs may have meant to cite to PRM §§ 2150 & 2153.

34-43. Admits.

44. Admits the first sentence. The second sentence contains Plaintiffs' conclusion of law to which no response is required.

45-47. Admits.

48. Admits the first two sentences. The third and fourth sentences contain Plaintiffs' conclusions of law to which no response is required.

49. Defendant lacks information or knowledge sufficient to form a belief as to when "CHI decided" to consolidate the three liability insurance programs, but admits that such consolidation did occur after the 1996 merger.

50. This paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

51. Admits that there was testimony before the PRRB by Plaintiffs' witness on these matters, but avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings on these matters. Therefore, Defendant lacks knowledge as to the truth of this paragraph and, on that basis, denies the allegations in it.

52. Admits.

53. Denies, except to admit that Alexander & Alexander recommended formation of a captive insurer and CHI did form a captive insurer.

54. This paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

55. As to the first sentence, admits only that CHI established an offshore captive. The remainder of the first sentence contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents. Admits the second sentence as to the findings of the Alexander & Alexander "feasibility study," but otherwise denies.

56. Admits that FIIL is domiciled in the Cayman Islands. The remainder of this paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

57-61.  Admits that there was testimony before the PRRB by Plaintiffs' witness on these matters, but avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings on these matters.  Therefore, Defendant lacks knowledge as to the truth of these paragraphs and, on that basis, denies the allegations in it.

62.  This paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required.  Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

63.  Admits the first sentence.  The remainder of this paragraph contains Plaintiffs' characterizations of exhibits and testimony before the PRRB to which no response is required.  Defendant denies any such characterization and respectfully refers the Court to the cited exhibits and testimony for a complete and accurate statement of their contents.

64.  This paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required.  Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

65.  Admits that there was testimony before the PRRB by Plaintiffs' witness on this matter, but avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings on this matter.  Therefore, Defendant lacks knowledge as to the truth of this paragraph and, on that basis, denies the allegations in it.

66.  Admits that there was testimony before the PRRB by Plaintiffs' witness on this matter, and that FIIL was audited for its fiscal year ending ("FYE") June 30, 1997 (A.R. 710-23),

for its FYE June 30, 1998 (A.R. 724-36), for its FYE June 30, 1999 (A.R. 1779-94), and for its FYE June 30, 2000 (A.R. 3084-99), but as for other years, avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings regarding audits for any other years. Therefore, Defendant lacks knowledge as to the truth of whether FIIL was audited in other years and, on that basis denies.

      67. This paragraph contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

      68. Admits that there was testimony before the PRRB by Plaintiffs' witness on this matter, but avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings on this matter. Therefore, Defendant lacks knowledge as to the truth of this paragraph and, on that basis, denies the allegations in it.

      69-70. These paragraphs contain Plaintiffs' characterization of exhibits and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibits and testimony for a complete and accurate statement of their contents.

      71. Admits that FIIL allocated 40% to equities and 60% to fixed income securities. The remainder of this paragraph contains Plaintiffs' characterization of an exhibit to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

      72. Admits an asset allocation study was conducted in 2003, but denies an asset

allocation study was conducted in 2000.

73. Denies the first sentence. The second sentence contains Plaintiffs' characterization of a "second asset allocation study," which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the "second asset allocation study" for a complete and accurate statement of its contents. A.R. 471-91. Denies the third sentence, except to admit that FIIL increased the captive's equity allocation to 50% of total assets.

74. Admits the first sentence. The second and third sentences contain Plaintiffs' characterizations of testimony and a "third asset allocation study." Defendant denies any such characterizations and respectfully refers the Court to the cited testimony and "third asset allocation study" for a complete an accurate statement of their contents. A.R. 216-18; 237; 3294. The fourth sentence contains Plaintiffs' speculation and conjecture to which no response is required.

75. Admits the first sentence. Denies the second sentence.

76. As to the first sentence, admits that there was testimony before the PRRB by Plaintiffs' witness on this matter, but avers that there is no corroboration of that testimony in the record, nor did the PRRB make findings on this matter. Therefore, Defendant lacks knowledge as to the truth of this sentence and, on that basis denies the allegation in it. The second sentence contains Plaintiffs' characterization of an exhibit and testimony before the PRRB to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited exhibit and testimony for a complete and accurate statement of their contents.

77. Admits.

78. This paragraph contains Plaintiffs' conclusion of law to which no response is

required.

79. Admits that the amount in controversy in this case exceeds $6 million for the 1997-2002 years at issue and that the Medicare program has not reimbursed the plaintiff hospitals for premium assessments paid to FIIL, but otherwise denies this paragraph.

80-81. Admits.

82. Denies.

83. Admits.

84-89. These paragraphs contain Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

90. Denies the first sentence. The remainder of this paragraph contains Plaintiffs' characterizations of a manual provision, which speaks for itself, and characterizations of the testimony of a witness and the evidence presented during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited manual provision for a complete and accurate statement of its contents and to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

91. The first sentence contains Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78. Denies the second sentence.

92. The first sentence contains Plaintiffs' characterizations of the PRM, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited manual provision for a complete and accurate statement of its contents. The second and third sentences contain Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

93-94. This paragraph contains Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

95. This paragraph contains Plaintiffs' characterizations of State laws that regulate captive insurers to which no response is required. Defendant denies any such characterizations and respectfully refers the Court to the cited State laws for a complete and accurate statement of their contents.

96. Denies.

97. This paragraph contains Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

98. The first two sentences contain Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any

such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78. The third sentence contains Plaintiffs' conclusions of law to which no response is required.

99-100. These paragraphs contain Plaintiffs' characterization of witness testimony during the administrative proceedings to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the hearing transcript for a complete and accurate statement of the testimony. A.R. 249-78.

101. Admits.

102. Admits the first sentence. The remainder of this paragraph contains Plaintiffs' characterization of the PRRB decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents. A.R. 6-16.

103. As to the first sentence, admits that the Board Chair and one other Board member dissented in the Board's decision, but denies Plaintiff's characterization of their dissent. The second and third sentences contain Plaintiffs' characterization of the dissent to the PRRB decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents. A.R. 6-16. The fourth sentence contains a quotation from the PRRB decision. Defendant admits only that Plaintiff has accurately quoted this excerpt from the dissent.

104. The first sentence contains Plaintiffs' characterization of the dissent to the PRRB decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents. A.R.

6-16.  The second sentence contains a quotation from the PRRB decision.  Defendant admits only that Plaintiff has accurately quoted this excerpt from the dissent.

    105-106.  Admits.

    107.  Denies.

    108.  Admits.

    109.  Admits that in some cases that were heard by the Board after November 2004 (when this case was heard), the PRRB issued written decisions in which Board member Hoover participated and those decisions were issued before Hoover departed from the Board, but otherwise denies the first sentence.  By way of further answer, Defendant avers that in some cases that were heard by the Board after November 2004, this was not the case.  As to the second sentence, admits that PRRB decision number 2005-D67 was issued on September 13, 2005, with Board member Hoover participating, and that the hearing in that case was held on December 17, 2004, but denies the implication that Board member Hoover had not yet departed the Board at the time the decision was issued.  By way of further answer, Defendant avers that Board member Hoover departed the Board on June 28, 2005.  As to the third sentence, admits that PRRB decision number 2005-D68 was issued on September 16, 2005, with Board member Hoover participating, and the hearing in that case was held "on the record" on June 23, 2005, but denies the implication that Board member Hoover had not yet departed the Board at the time the decision was issued.  Admits that a decision conference was held in this case, but denies the remainder of the fourth sentence.

    110-112.  Denies.

    113.  Admits the first sentence.  Admits the second sentence, except to deny that PRRB

decision number 2006-D26 was issued on June 6, 2006. By way of further answer, PRRB decision number 2006-D26 was issued on June 2, 2006. As to the third sentence, admits that other written decisions were issued after Hayes joined the Board and that Hayes did not participate in those decisions, but denies Plaintiffs' speculation as to why Hayes did not participate.

    114. Admits.

    115-118. Denies.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response may be required, Defendant denies that Plaintiffs are entitled to the relief requested or to any other relief from Defendant. All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the administrative record.

                                    Respectfully submitted,

                                    /s/
                                  JEFFREY A. TAYLOR
                                  United States Attorney
                                  D.C. Bar No. 498610

      /s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

      /s/
PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

JANICE L. HOFFMAN
Acting Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services